Good morning, Your Honors. May it please the Court, Emily Kuwahara, Pro Bono Counsel for Petitioner Jorge Alvarez. I'd like to reserve two minutes for rebuttal, if I may. This morning I'd like to address three things. One is the procedural issues that have been raised in the briefing. Two is the sufficiency of the documents of conviction. And the third is just confirming our position on the divisibility of Health and Safety Code Section 11378 and Penal Code 12021. And on that issue, we recognize that there has been much case law that has been decided since the time we were appointed Pro Bono Counsel. And so in recognition of that, I'd simply like to preserve our issues on Health and Safety Code 11378 and recognize that the case law seems to have conclusively— I'm sorry to interrupt your argument, but that precedent has now come down squarely against the position. Thank you, Your Honors. So I don't intend on spending any more time on that. With respect to the issue of jurisdiction, the government has raised a question as to jurisdiction. And there seems to be a question as to whether the Court has jurisdiction or not. The government says that the Court must look at the immigration judge's decision and rule that Mr. Alvarez has been convicted of an aggravated felony, therefore divesting this court of jurisdiction. But even if that's the easier result to reach here, it seems—well, it seems easier to deny the basis on the plea hearing at the Immigration Court. The procedural requirements are that this Court look at the BIA's decision with respect to that issue. And the Court has jurisdiction to determine whether or not Mr. Alvarez was convicted of an aggravated felony, because, of course, it has jurisdiction to determine its own jurisdiction. So on that basis, the Court can look at the BIA's decision, which is based on the documents of conviction. And those documents of conviction were never admitted into the record by the Immigration Court. What about the BIA's statement that the immigration judge's findings were appropriate and correct? Well, Your Honor— Does it matter here which one we're reviewing when they're all bundled together? Respectfully, Your Honor, I think at best it's ambiguous. If you—when any detail that is provided in the BIA's decision refers to the conviction document. So any time it delves into the rationale for the IJ's decision, it mentions the conviction document. For example, at the bottom of AR-02, when explaining its rationale, it says, we find that, to the contrary, the immigration judge appropriately found the respondent removable because the DHS met its burden of proof regarding removability based on the aforementioned conviction documents. So let me understand this. The conviction documents were in the administrative record but weren't formally admitted by the immigration judge. Is that your argument? Yes, Your Honor. Okay. And why do they have to—if it's in the record, why can't the immigration judge consider those documents? There's no record that the immigration judge ever considered those documents, Your Honor. They may have been submitted. However, if you look on AR-74, there is a stamp by the Immigration Court saying, Exhibit 1, and this is the notice of removal. And if you look on AR-79, Your Honor, there's that same stamp. It's hard to see, but there's that same stamp, and it indicates that the Court never actually considered these documents, Your Honor. And it's just a procedure. But wouldn't it be kind of just a futile gesture to send it back for them to formally admit the documents and look at them and see that he was convicted of, I guess, possession of—for sale of methamphetamine? Yes, Your Honor. But where the decisions here are to banish somebody for life, I think it's entirely appropriate to ask the government, the BIA, the Immigration Court, to follow all of the rules of procedure. But in my understanding of the government's argument, it's not that they're even really relying on those documents, but more they're relying on the admission of your client, who I don't know whether he was represented by counsel or not at the time of the hearing, but he was asked whether he was convicted for the possession for sale of methamphetamine in violation of Section 11378, and he answered yes. So he admitted that he had that conviction. What weight do we give to that? Had to answer some of your questions, Mr. Alvarez was not represented at the hearing. Second, I believe the government is, yes, asking the Court to rely upon Mr. Alvarez's admission at the plea hearing. And finally, in terms of the weight, had the BIA relied upon the IJ's findings and decisions, it would be entirely appropriate for this Court to do so as well. However, we find ourselves in a funny situation where the IJ made a finding based on X. The BIA did not address X and relied on Y, and those documents were never admitted. So we have a funny procedural situation here in which the Court, this Court, is now constrained to look at the BIA's decision as opposed to the IJ's decision because the BIA decided to conduct a de novo review of the record, Your Honor. To get to that result, we'd have to agree with your supposition that somehow, even though the BIA is incorporating the IJ, that somehow it's ambiguous. Is that your position? Yes, Your Honor. The order itself is not at best ambiguous as to whether or not the BIA has incorporated the IJ's decision. It seems that the BIA is relying upon the documents of conviction rather than the plea hearing, Your Honor. Well, in terms of the actual conviction documents, is there any doubt that the abstract of judgment in the complaint specify the crimes to which your client pled guilty? Well, Your Honor, I know that... That calls for a yes or no, and then if you have some explanation, you can proceed. Well, that question was never raised in the immigration court. No, I'm just... Look at the face of the documents. Is there any ambiguity here? We're not contesting that, Your Honor. Okay. So that kind of comes back to Judge Wardlaw's question. There's no ambiguity in the documents, and a remand, we're asked to look and see whether it would be futile or just a diversion that would end up exactly the same. Can you explain in any way how a remand would change the result here? In this case, Your Honor, the remand is unlikely to change the result. Thank you. With respect to the second issue, which is the documents of conviction, which we've touched on briefly, this court has repeatedly held that the link between the charging documents and the abstract of judgment must be clear and convincing, and our position is that these documents were never admitted into the record by the IJ. They were never explained. They were never confirmed to be Mr. Alvarez's documents, and the government may say that Mr. Alvarez never contested them accurately, as Judge McKeown has pointed out, but he was also never given the chance in the proceedings. So they don't meet the burden of clear and convincing. And with that, Your Honors, I'd like to reserve the rest of my time, and Mr. Alvarez and I really thank your court for taking the time for a hearing argument on these issues. Thank you. Thank you, counsel. Good morning, Your Honors. May it please the Court. Jessica Strokos on behalf of the United States Attorney General. Your Honors, Mr. Alvarez is effectively asking this court to restrict the scope of its jurisdiction and its de novo review, which this court has never done before. This court may consider any evidence in determining its jurisdiction to determine jurisdiction, and even in the de novo context, even if this court determines that its jurisdiction is not restricted by Section 1252A2C, and in the de novo context, and in the immigration context specifically, this court has said because our review is de novo, we conduct an independent examination of the entire record. Thus, this court may consider any and all evidence in the record in determining Mr. Alvarez's removability. This court's jurisdiction is called into question under Section 1252A2C because Mr. Alvarez is charged as removable under Section 1227A2A3. Thus, in its jurisdictional analysis, this court must determine whether Mr. Alvarez is indeed removable, and because removability is the only question raised to this court, as both Judges Wardlaw and McCune have acknowledged, remand to the agency, even if there is error in the board's decision, is of no moment its harmless error because it would not change the outcome in this case. Mr. Alvarez. Am I correct, though, that the government relies solely on the admission during the hearing as opposed to the documents of conviction, at least in your brief? Yes, Your Honor. In our brief, the government relied on the pleading stage admission by Mr. Alvarez that can be found on page 64 of the record, that he did indeed state that he had been convicted of possession for sale of methamphetamine, which is a federally controlled substance. And is that sufficient? Do we have a case on that, that that's sufficient? Yes, Your Honor. This court's precedent in Perez Mejia as well as Pagillon and several recent unpublished dispositions, the most recent on October 10th of 2017 in Gomez, this court has held that a pleading stage admission is clear and convincing evidence of removability if no questions of law or fact remain. Thus, unlike in S. Young, for example, where the notice to appear did not list the specific drug, in this case the notice to appear does list the specific drug on page 76. In the pleading stage admission, Mr. Alvarez was first read the list of the allegations by the immigration judge, asked if he understood the allegations, and then independently asked, on January 27, 2012, were you convicted in Stanislaus County, California, for the possession for sale of methamphetamine in violation of section 11378 of the Health and Safety Code, to which Mr. Alvarez replied yes. Under this court's precedent, that is clear and convincing evidence of his removability. And therefore, this court should determine that its jurisdiction is restricted under section 1252a2c, notwithstanding any question of law or constitutional claim. However, where the only question raised is that of Mr. Alvarez's removability, any question of law or constitutional claim raised is not colorable, because this Court will have already determined his removability, that he is indeed removable as charged. Ginsburg. But I take it when you started your argument to say we have de novo review to look at our own jurisdiction, that we couldn't look at just anything in order to discharge that. Is that correct? Yes, Your Honor. You could look at anything to determine your jurisdiction. Oh, you mean we could get on the Internet and see what it said there about him? Could we do that? Yes, Your Honor. I would argue that you could. You think that there's absolutely no limit on what we could look at? Is that the government's position? Within your jurisdictional analysis, yes, Your Honor. In fact, in several parts of immigration law, specifically of the court's appellate review, this court does go beyond the record. For example, in the context of timeliness, a petition for review is not in the immigration record, is not in the administrative record, yet this court looks to the timeliness of the petition for review, the stamp of the clerk of court, the envelope that the petition for review arrived in to determine in comparing the petition, the date on the petition for review, to the administrative record. If I were you, I'd be very careful on taking that position on behalf of the U.S. government in these kinds of cases. I mean, I don't think you need to go as far as you said, and that's why I question it, because that would suggest, you know, some guy walks in off the street and says something, you say, well, that sounds good. I think I'll take that into account for my jurisdictional analysis, and then I get on the Internet and spend a couple hours there. So I think that your statement maybe seems a little broad. This is all part of the record that we're looking at here, isn't it? Yes, Your Honor. And in the record, this Court may determine that based on only the evidence in the record even, Mr. Alvarez is removable because his pleading stage admission is, again, in the record. So the conviction documents were in the administrative record, but the I.J. did not rely on them? Correct, Your Honor. The immigration judge relied exclusively on Mr. Alvarez's pleading stage admission. So really the I.J. wasn't conducting the kind of analysis that the Supreme Court has instructed us to conduct. Your Honor, the immigration judge was following this Court's precedent in Perez-Mejia and Pagillan. What about Moncrieff and Descamps? Your Honor, I believe that the immigration judge was following what the regulations say and what this Court says. The immigration judge, in fact, this Court has even acknowledged, and I believe it was in Perez-Mejia, that this step could come before you even get to the modified categorical approach. And, indeed, that's in quoting the Second Circuit in Perez-Mejia. The Second Circuit stated the immigration judge did not have occasion to apply the categorical approach. And later in Perez-Mejia, the Court states specifically that this inquiry being made during the pleading stage is not part of the categorical approach. It states that you're talking about the Second Circuit opinion? No, Your Honor. This Court's opinion in Perez-Mejia. Which was when? Decided when? Which is in 2011, Your Honor. Okay. And even so, in later cases, including recently in Gomez, this Court continued to apply this precedent, stating that Mr. Gomez had admitted each of the allegations in the notice to appear, and because of his admissions, his removability had been established. Therefore, Your Honors, the scope of this Court's jurisdictional analysis is broad. It's not restricted only to what the Board has said. The scope of this Court's de novo review is similarly broad. It is not restricted to what the Board or any lower court has said. In fact, this Court has said that specifically for de novo review, it reviews the question as if no other court has actually reviewed the issue. It reviews the question in the first instance. And what Mr. Alvarez is asking this Court to do is not only restrict the Court's jurisdictional review or de novo review in the immigration context, because those are not the only contexts in which this Court performs an analysis of its jurisdiction or applies the de novo standard of review. He's, in effect, asking this Court to change the way it reviews all of its cases and applies de novo review in any of the cases that call for it. Your Honors, this Court should determine that Mr. Alvarez is removable because of his pleading stage admission, that he had been convicted for possession for sale of methamphetamine. And if this Court does so determine, any question of law raised by Mr. Alvarez, as Judge Wardlaw and Judge McKeon have noted, is harmless. It's merely harmless error, if error at all. Therefore, the Court should dismiss the position for review. If there are no further questions. Sotomayor, here's not. Thank you. Thank you, Your Honors. You have some rebuttal time. Thank you, Your Honors. Just very briefly, as the Court identified, there is a question as to what is in the record and what the Court may look at in this instance. And admittedly, this is an unusual situation in which the BIA and the IJ seem to have looked at different things. And if the Court comes to the conclusion that the BIA did not look at the IJ's decision based on the plea hearing, then respectfully, the plea hearing would not be before this Court in considering whether or not Mr. Alvarez is removable. In terms of whether it affects the Court's way of looking at all types of cases, I think that is overbroad. When this Court looks at the district court cases, I think its de novo review is not as constrained as it is when looking at agency cases. And that procedural distinction should be recognized. Thank you, Your Honor. Thank you. I would like to thank both counsel for your arguments this morning. In particular, Ms. Kuhara, for participating in our court pro bono program. I think it's very helpful to the Court when we have many of these undecided issues and where there wasn't counsel below to be able to have a very good brief. And I know the government appreciates that as well. So, again, I thank you for participating in the court's pro bono program. The case just argued is submitted. And also, I want to thank your firm, too, for allowing you to do that. It's Crowell and Mooring, is that correct? Thank you very much. Thank you.
judges: McKeown, Wardlaw, Quist